IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Curtiss-Wright Electro-Mechanical Corporation, | ) ) ) | |
| Plaintiff | ) ) | Case No. 2:21-cv-390 |
| vs | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Westinghouse Electric Company, LLC, | ) ) | |
| Defendant | ) ) | |

**BRIEF IN SUPPORT OF RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUJBECT MATTER JURISDICTION**

AND NOW comes, Westinghouse Electric Company, LLC, by and through its undersigned counsel, and hereby submits this Brief in Support of Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and assert as follows:

**I.    EXECUTIVE SUMMARY**

Curtiss-Wright Electro-Mechanical Corporation ("Curtiss-Wright") filed its Complaint in this matter against Westinghouse Electric Company, LLC (hereinafter "Westinghouse"), on March 24, 2021. Westinghouse was served on April 13, 2021. Prior to effectuating service on Westinghouse, Curtiss-Wright filed a Motion to Stay the present matter. This Honorable Court granted Curtiss-Wright's motion and entered a Stay Order on March 31, 2021. Westinghouse has cooperated with the Stay Order but now acts to dismiss this matter for lack of subject matter jurisdiction.

Plaintiff is a resident of Delaware and Pennsylvania. (*Compl.* at ¶ 5). Defendant Westinghouse is also a citizen of Delaware. Plaintiff avers jurisdiction under 28 U.S.C. §

1332(a)(1) for diversity jurisdiction. Complete diversity does not exist among the parties and this Court does not have jurisdiction pursuant to 1332(a).

## II.   LEGAL STANDARD

To sustain the jurisdiction of a federal court on the ground of diversity of citizenship under 28 U.S.C. § 1332(a)(1), there must be complete or total diversity, such that there is no plaintiff and no defendant who are citizens of the same state. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Since 1806, the Supreme Court "has read the statutory formulation 'between ... citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants." *Id*. "This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ven. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3d Cir. 2010)). "Though the absence of complete diversity deprives all federal courts of subject matter jurisdiction over this action, a federal court always has jurisdiction to determine its jurisdiction." *United States v. Ruiz,* 536 U.S. 622, 628 (2002).

A corporation is deemed to be a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Under Third Circuit law, the citizenship of an LLC is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010).

## III.   ARGUMENT

**Lack of Complete Diversity**

Contrary to Plaintiff's averments, this Honorable Court lacks subject matter jurisdiction because there is not complete diversity under 28 U.S.C. § 1332. Plaintiff states that it is a citizen of both Pennsylvania and Delaware (*Compl*. at ¶ 5.) Curtiss-Wright has alleged, "On information

2

and belief," Westinghouse is not a citizen of Pennsylvania or Delaware. (*Compl*. at ¶ 6). This is untrue. Westinghouse, like Curtiss-Wright, is also a citizen of Delaware. As an LLC, the citizenship of Westinghouse is determined by the citizenship of its members. Westinghouse has just one member, that being TSB Nuclear Energy Services, Inc., and it is a Delaware company. It is duly incorporated under the laws of the state of Delaware and is in good standing and has a legal corporate existence as authenticated by Jeffrey W. Bullock, Secretary of State of the State of Delaware, dated April 5, 2021. (see *Exhibit "1"*). As this Court is well aware, for complete diversity to exists the citizenship of the Plaintiff must be completely diverse from the citizenship of the Defendant. Westinghouse and Curtiss-Wright are both citizens of Delaware and there is no complete diversity. Without complete diversity there is no subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff has attempted to circumvent the jurisdictional constraints of federal court by relying on *Lincoln Ben. Life Co. v. AEI Life, LLC*, to plea diversity jurisdiction where it does not exist. 800 F.3d 99, 108(3d Cir. 2015). Curtiss-Wright borrows language from *Lincoln* and averred, "On information and belief, Defendant's members are not citizens of Pennsylvania or Delaware." (*Compl*. ¶ 6). However, Plaintiff ignores the remainder of the holding in *Lincoln* which requires Plaintiff "conduct a reasonable inquiry into the facts alleged," by reviewing what was publicly available, "the plaintiff has no reason to believe that any of the association's members share its state of citizenship, it may allege complete diversity in good faith." *Id.* TSB Nuclear Energy Services being the sole member of Westinghouse is readily apparent through a simple investigation, including an internet search. Further, Curtiss-Wright is directly familiar with Westinghouse as they entered into a substantial contract with them and had the same contract expressly assumed in a filing made on July 24, 2018 in Westinghouse's bankruptcy

proceeding in United States Bankruptcy Court for the Southern District of New York. (see *Exhibit "2",* excerpts from Chapter 11 Case No. 17-10751-mew, ECF No 3624). *Lincoln* does not permit a Plaintiff to ignore easily accessible information regarding a party's citizenship to subvert a proper jurisdiction analysis. As Plaintiffs have not properly pled the jurisdictional requirements pursuant to 28 U.S.C. § 1332 subject matter jurisdiction does not exist on the face of the pleadings.

### IV.   CONCLUSION

For the reason set forth herein, this Court does not have subject matter jurisdiction over the action brought by Curtiss-Wright. The parties in this matter are not completely diverse as required by 28 U.S.C. § 1332, and the heart of Curtiss-Wright's lawsuit concerns a contract involved in Westinghouse's bankruptcy originally brought in the United States District Court for the Southern District of New York. Westinghouse Electric Company, LLC respectfully requests this matter be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

/s/ William Pietragallo
William Pietragallo, II, Esquire
*Counsel for Westinghouse Electric Company, LLC*